IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel T. Huneycutt, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:22-1532-BHH |
| v. ) | |
| ) | |
| Vasiliy Chernyak, Jr.; Wantonta ) | **ORDER** |
| N. Golden; Bryan Stirling; John ) | |
| Doe(s), ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Daniel T. Huneycutt's ("Plaintiff") complaint filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On October 3, 2022, Plaintiff filed a motion to compel, and the Magistrate Judge held a hearing on December 13, 2022. Subsequently, on December 23, 2022, Defendants Wantonta N. Golden ("Golden") and Bryan Stirling ("Stirling") filed a motion to dismiss and motion for judgment on the pleadings.

On February 3, 2023, Magistrate Judge Paige J. Gossett issued a report and recommendation ("Report"), outlining the parties' arguments and recommending that the Court grant Defendants' motion to dismiss and deny as moot Plaintiff's motion to compel. (ECF No. 38 at 10.) On February 17, 2023, Plaintiff filed objections to the Magistrate Judge's Report and Defendants filed a reply on March 3, 2023. (ECF Nos. 39 and 40.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, however, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Plaintiff filed this action on May 13, 2022, against Vasily Chernyak, Jr. ("Chernyak," currently in default), Golden, and Stirling, alleging three causes of action: (1) an excessive force claim pursuant to 42 U.S.C. § 1983 against Chernyak; (2) a conspiracy claim pursuant to 42 U.S.C. § 1985 against all three Defendants; and (3) a claim pursuant to 42 U.S.C. § 1986 against all three Defendants. (ECF No. 1.)

In her Report, the Magistrate Judge determined that Plaintiff's complaint fails to state plausible claims pursuant to § 1985 or § 1986 against Defendants Golden and Stirling. (*See* ECF No. 38.) First, with respect to Plaintiff's § 1985 claim, the Magistrate Judge found that Plaintiff failed to allege any facts to show that Golden and Sterling worked together or otherwise engaged in a conspiracy. *See Simmons v. Poe*, 47 F.3d 1370, 1377

2

("[T]he law is well settled that to prove a section 1985 'conspiracy,' a claimant must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights.")  The Magistrate Judge also explained that Plaintiff failed to allege facts to show: (1) that Golden and Stirling were motivated by a specific class-based invidiously discriminatory animus; (2) that Plaintiff was deprived of a right as a result of Defendants' alleged conduct; or (3) that Defendants committed any overt act in connection with a conspiracy.  Further, the Magistrate Judge determined that Plaintiff's § 1986 claim was subject to dismissal because Plaintiff failed to properly plead a § 1985 claim.

Next, the Magistrate Judge considered Plaintiff's request for leave to amend his complaint, noting that Rule 16 of the Federal Rules of Civil Procedure applies to Plaintiff's request because the deadline to amend the pleadings had passed.  Ultimately, the Magistrate Judge found no good cause to permit leave to amend, noting that Plaintiff sought to raise a new claim against Golden and Stirling pursuant to § 1983, rather than to add factual allegations to support his § 1985 and § 1986 claims, and further explaining that Plaintiff could have raised his new § 1983 claim within the appropriate deadline.

Plaintiff filed objections to the Magistrate Judge's Report.  Notably, Plaintiff does not specifically object to the Magistrate Judge's findings as to his § 1985 and § 1986 claims. (*See* ECF No. 39.)  After review, the Court first finds no clear error in the Magistrate Judge's findings as to Plaintiff's § 1985 and § 1986 claims and agrees with the Magistrate Judge that these claims are subject to dismissal for failure to state a plausible claim.

Next, however, Plaintiff does object to the Magistrate Judge's finding that good cause does not support his request to amend.  Specifically, Plaintiff requests that the Court decline to follow the Magistrate Judge's recommendation and instead grant Plaintiff leave

to file an amended complaint, and Plaintiff requests that the Court order Defendants to respond to Plaintiff's timely served discovery requests.

After de novo review, the Court sustains Plaintiff's objection and finds good cause to grant him leave to amend his complaint. Fed. R. Civ. P. 16. In short, the Court respectfully disagrees with the Magistrate Judge and instead agrees with Plaintiff that it is "unfair to allow the defendants to refuse to respond to discovery, wait for the deadline to amend pleadings to pass, and then file a motion to dismiss." (ECF No. 38 at 10; *see also* ECF No. 36 at 13-14.) Because the Court agrees with Plaintiff that, under the specific circumstances of this case, it would be unjust to deny his request to amend, the Court declines to adopt this portion of the Magistrate Judge's Report.

## CONCLUSION

Based on the foregoing, the Court **adopts in part** the Magistrate Judge's Report (ECF No. 38). Specifically, the Court agrees with the Magistrate Judge that Plaintiff's complaint, as currently pleaded, fails to state a plausible claim against Defendants Golden and Stirling; consequently, the Court **grants these Defendants' motion to dismiss** (ECF No. 35). However, the Court **declines to adopt** the Magistrate Judge's Report as to Plaintiff's request to file an amended complaint. Instead, the Court **sustains Plaintiff's objections** (ECF No. 39) and grants Plaintiff **leave to file an amended complaint within fourteen days of the filing of this order**. The Court remands the matter to the Magistrate Judge for further consideration of Plaintiff's motion to compel and for further proceedings.

4

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 12, 2023
Charleston, South Carolina