IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Daniel T. Huneycutt ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:22-cv-1532-BHH-PJG |
| v. ) | |
| ) | **Opinion and Order** |
| Vasiliy Chernyak, Jr.; Wantonta N. ) | |
| Golden; Bryan Stirling; John Doe(s), ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Daniel T. Huneycutt's ("Plaintiff") amended complaint[1] raising three causes of action against Defendants Wantonta N. Golden ("Golden") and Bryan Stirling ("Stirling") pursuant to 42 U.S.C. § 1983. (ECF No. 53.) On November 13, 2023, Golden and Stirling filed a motion to dismiss for failure to state a claim or, in the alternative, motion for judgment on the pleadings. (ECF No. 68.) Plaintiff filed a response in opposition to the motion (ECF No. 70), and Golden and Stirling filed a reply. (ECF No. 71.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a United States Magistrate Judge for preliminary review. On January 17, 2024, Magistrate Judge Paige J. Gossett issued a report and recommendation ("Report"), outlining the parties' arguments and recommending that the Court grant Golden's and Stirling's motion to dismiss and deny as moot Plaintiff's motion

---

[1] In its September 12, 2023, Order, this Court granted Golden's and Stirling's motion to dismiss, and also granted Plaintiff leave to file an amended complaint. (ECF No. 51.)

to compel. (ECF No. 73 at 9.) On January 30, 2024, Plaintiff filed objections to the Magistrate Judge's Report, and Golden and Stirling filed a reply on February 13, 2024. (ECF Nos. 74 and 75.)

## STANDARDS OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### II. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific

objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Plaintiff's amended complaint asserts three causes of action against Golden and Stirling pursuant to § 1983: (1) denial of access to the courts and "remedy for legal injury" in violation of the First Amendment; (2) supervisory liability for violations of the First, Eighth, and Fourteenth Amendments; and (3) "conspiracy" to violate Plaintiff's First, Eighth, and Fourteenth Amendment rights. (ECF No. 53.)

In her Report, the Magistrate Judge determined that Plaintiff's amended complaint fails to state any plausible § 1983 claim against Golden and Stirling. (*See* ECF No. 73.) Plaintiff's denial of access to the courts claim is based on Plaintiff's allegations that Golden and Stirling have participated in or directed the manner in which the South Carolina Department of Corrections ("SCDC") responded to Plaintiff's discovery responses in a related pending state court action Plaintiff brought against the SCDC. (ECF No. 53 ¶¶ 58-59.) The Magistrate Judge determined that such allegations fall short of establishing a denial of access to the courts claim that seeks compensation for access lost because Plaintiff "can still – and is still – pursuing his claim in state court." (ECF No. 73 at 5.) Indeed, that action remains pending, and the state court may still grant Plaintiff the relief he seeks. Additionally, the Magistrate Judge found Plaintiff's allegations wholly conclusory, noting that the amended complaint is devoid of any factual support that

3

Golden and Stirling acted personally to impede Plaintiff's state court litigation. (*Id.* at 6.) Similarly, as to Plaintiff's supervisory liability claim, the Magistrate Judge determined that the amended complaint lacked any specific facts that explain how Golden and Stirling are responsible for Defendant Chernyak's conduct towards Plaintiff. (*Id.* at 7-8.)

Plaintiff filed objections to the Report. Notably, Plaintiff does not specifically object to the Magistrate Judge's findings as to his supervisory liability claim. (*See* ECF No. 74.) After review, the Court finds no clear error in the Magistrate Judge's findings as to Plaintiff's supervisory liability claim and agrees with the Magistrate Judge that this claim is subject to dismissal for failure to state a plausible claim.

Next, however, Plaintiff does object to the Magistrate Judge's finding that he has failed to allege facts to plausibly support a denial of access to the courts claim. He also states that his arguments in support of this claim "would apply to the [Magistrate Judge's] findings regarding [his] conspiracy claims." (ECF No. 74 at 7.) Thus, as to these claims, Plaintiff objects and argues for the first time that his denial of access to the courts claim is based, at least in part, on Golden's and Stirling's discovery conduct *in this case*. (ECF No. 74 at 4-5.) This argument, however, is not supported by the allegations of the amended complaint, which are limited to alleged conduct by Golden and Stirling in the state court action. Plaintiff then states that the Report's findings support, rather than defeat, his denial of access to the courts claim, because his allegations would not be conclusory if Golden and Stirling were not hindering his efforts to vindicate his legal rights through abusive discovery tactics. (ECF No. 74 at 2-7.) Thus, Plaintiff apparently concedes that the allegations in his amended complaint fall short of meeting the *Iqbal/Twombly* pleading standard. Even putting this apparent omission aside, Plaintiff's

4

objections fail to address how his claim can exist while the state court action is pending. (*See* ECF No. 73 at 5 (Magistrate Judge concluding that "[u]nless and until Huneycutt's motion [to compel] is denied and his state claim is foreclosed, he is indeed enjoying access to the courts").)

After *de novo* review, the Court is not convinced by Plaintiff's objections. As aptly explained by Judge Seymour,

> It is well established that citizens have a right of access to the courts. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). There are two types of lawsuits for denial of access that emerge from the case law. In the first type of lawsuit, a prisoner plaintiff endeavors to demonstrate denial of access by establishing that the failure to provide access to law materials and books, mail, notary services, and so forth deprived him of meaningful access to the courts. In the other type of lawsuit, a plaintiff, not necessarily a prisoner, may state a claim by establishing that a public official's actions in covering-up evidence hindered the plaintiff's effort to vindicate a legal right. *See, e.g.*, *Harbury,* 536 U.S. 403 (2002*); Swekel v. River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997); *Foster v. Lake Jackson*, 28 F. 3d 425, 429 (5th Cir. 1994); *Bell v. Milwaukee*, 746 F.2d 1205 (7th Cir. 1984).

*Barnes v. Seigler*, Case No. 5:11-0156-MBS, 2012 WL 4478966, at *4 (D.S.C. Sept. 27, 2012) (citations omitted). In this case, the thrust of Plaintiff's claim is that Golden's and Stirling's alleged discovery conduct in a related pending state court case has made it more difficult for him to litigate. Such an allegation, however, "is not enough; to state a claim of unconstitutional denial of access to the courts of this [latter] type, the complaint must allege that the cover-up activity prevented the plaintiff from filing the civil suit at issue." *Hart v. City of Santee*, No. 5:16-CV-03338-JMC, 2017 WL 3158779, at *6 (D.S.C. July 25, 2017). *See also Foster v. City of Lake Jackson* 28 F.3d 425, 430 (5th Cir. 1994) (suggesting that the right of access to the courts encompasses "a right to file an action, but not the right to proceed free of discovery abuses after filing"); *Estate of Smith v.*

5

*Marasco*, 318 F.3d 497, 511-12 (3d Cir. 2003) ("[O]nly prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation.")

Plaintiff relies on a Seventh Circuit case, *Bell v. Milwaukee,* 746 F.2d 1205, 1215 (7th Cir. 1984).[2] In *Bell,* officers in the Milwaukee Police Department shot and killed a man and afterwards tried to cover-up the incident by planting evidence and falsely recounting what happened in their police reports. *Id.* at 1215. Twenty years later, one of the officers came forward and revealed the truth. *Id.* at 1228. The relatives of the deceased brought a lawsuit asserting, among other claims, denial of access to the courts pursuant to 28 U.S.C. § 1983. *Id.* The court held that the officers' willful and intentional cover-up of the facts that the decedent's relatives would have needed to file a successful lawsuit "rendered hollow" their right to access the courts. *Id.* at 1261.

Unlike the plaintiffs in *Bell*, Plaintiff is actively litigating in both state and federal court the attacks upon him, of which he has personal knowledge, and enjoying access to the courts.[3] Accordingly, the Court agrees with the Magistrate Judge that the amended

---

[2] The Court notes that the *Bell* decision, holding that a parent's constitutional liberty interest in his relationship with his adult son was violated when his son was killed by police, was overruled by *Russ v. Watts*, 414 F. 3d 783 (7th Cir. 2005).

[3] Moreover, more recent Seventh Circuit cases have reached a different result from that in *Bell*, consistently finding that parties have failed to establish a sufficient denial of access. *See, e.g., Gibson v. City of Chicago*, 910 F.2d 1510, 1523 (7th Cir. 1990) (finding that even where a plaintiff successfully alleges the filing of intentionally false and inaccurate reports, he cannot state a claim for denial of access to the courts without alleging some "concrete injury to the decedent's survivors resulting from th[e] alleged cover-up"); *Thompson v. Boggs*, 33 F.3d 847, 852-53 (7th Cir. 1994) (police officers who omitted information from police reports did not deny access to court, since facts known to plaintiff were sufficient to enable him to promptly file his lawsuit, unlike *Bell*, "where the true facts were concealed thereby denying the plaintiffs the opportunity to file a lawsuit until some twenty years after the fact"); *Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995) (holding that where the actual circumstances surrounding the shooting were revealed publicly within six months of the incident, and plaintiffs were granted access to records of investigation of the incident/cover-up, their constitutional rights "were ultimately preserved").

6

complaint fails to include sufficient facts to allege a plausible denial of access to the courts and conspiracy claims against Defendants Golden and Stirling.

## CONCLUSION

Based on the foregoing, the Court **adopts** and specifically incorporates the Magistrate Judge's Report (ECF No. 73); **overrules** Plaintiff's objections (ECF No. 74); and **grants** Defendants Golden's and Stirling's motion to dismiss. (ECF No. 68.) This result renders moot Plaintiff's motion to compel discovery responses from Golden and Stirling (ECF No. 27); accordingly, this motion is **denied** as moot. The Court remands the matter to the Magistrate Judge for further report and recommendation on Plaintiff's pending motion for default judgment as to Defendant Chernyak. (ECF No. 23.)

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

June 11, 2024
Charleston, South Carolina